## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW MEXICO

STEVEN BARRERAS and SHARON HERRERA,

                    Plaintiffs,

     v.

TRAVELERS HOME AND MARINE INSURANCE
COMPANY, MARY SWITZER, REGINALDO R.
ORTIZ, R.R. ORTIZ AGENCY, and JOHN DOE
ADJUSTERS and AGENTS of TRAVELERS HOME
AND MARINE INSURANCE COMPANY, and R.R.
ORTIZ AGENCY,

                    Defendants.

Civil Action No. _____

## NOTICE OF REMOVAL

       Defendants Travelers Home & Marine Insurance Company ("Travelers"), Mary Switzer,

Reginaldo Ortiz and the R.R. Ortiz Agency (collectively "Defendants") hereby give notice of the

removal of this action pursuant to 28 U.S.C. §§ 1441, 1446, and 1453.  In support of this Notice

of Removal, Defendants state as follows:

**I.      INTRODUCTION.**

       1.       On February 17, 2012, Plaintiffs filed a Class Action Complaint for Bad Faith

Insurance Practices, Unfair Claim Practices, Unfair Trade Practices, Negligence, Negligence *Per*

*Se*, Breach of Contract, and for a Temporary Restraining Order ("Complaint") in the Second

Judicial District Court, County of Bernalillo, State of New Mexico, case number D-202-CV-

2012-01794.

       2.       This removal is based upon the Class Action Fairness Act ("CAFA") pursuant to

28 U.S.C. § 1332(d).

3.     This Court has original jurisdiction pursuant to CAFA because the proposed class (1) has at least 100 putative class members; (2) the class asserts an aggregate amount in controversy of $5,000,000 or more; (3) minimal diversity exists; and (4) no CAFA exceptions apply.  28 U.S.C. § 1332(d).

4.     As detailed below, for these reasons, the Court should exercise jurisdiction under CAFA.

## II.     PROCEDURAL REQUIREMENTS.

5.     All procedural requirements related to the removal of this action have been satisfied.

6.     Reginaldo R. Ortiz and the R.R. Ortiz Agency (collectively "Ortiz") are the only defendants who have been served with the Complaint in this action.  Ortiz was served on March 7, 2012.

7.     Travelers and defendant Mary Switzer have not been served with the Complaint. By filing this Notice of Removal, Travelers and Switzer do not waive any of their rights, including but not limited to their right to service of the Complaint.  The filing of this Notice of Removal does not relieve Plaintiffs of their obligation to serve Travelers and Ms. Switzer.  This Notice of Removal is timely filed pursuant to 28 U.S.C. § 1446(b).

8.     Pursuant to 28 U.S.C. § 1446(a), a true and correct copy of the Complaint is attached to this Notice of Removal as Exhibit A.

9.     Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice of Removal is being served upon counsel for Plaintiffs, and a Notice of Filing Notice of Removal is being filed with the Clerk of the Second Judicial District Court, Bernalillo County, New Mexico.

### III.    THIS COURT HAS JURISDICTION UNDER CAFA.

10.    The Court has jurisdiction pursuant to CAFA, which amends the federal diversity jurisdiction statute, 28 U.S.C. § 1332, by granting United States District Courts original jurisdiction over any class action that satisfies the following criteria: (a) there is minimal diversity, *i.e.*, any member of the class of plaintiffs is a citizen of a State different from any defendant, 28 U.S.C. § 1332(d)(2)(A); (b) the aggregate amount in controversy exceeds $5,000,000, exclusive of interest and costs, 28 U.S.C. § 1332(d)(2), (d)(6); and (c) the proposed class of plaintiffs consists of at least 100 persons, 28 U.S.C. § 1332(d)(5)(B).

11.    Unlike the traditional removals, CAFA was intended "to expand significantly the jurisdiction of the federal courts over class action lawsuits as well as to limit what were seen as typical abuses of the class action system at the state level." *Kearns v. Ford Motor Co.*, No. CV 05-5644 GAF(JTLX), 2005 WL 3967998, at *1 (C.D. Cal. Nov. 21, 2005). *See also Evans v. Walter Indus., Inc.*, 449 F.3d 1159, 1163 (11th Cir. 2006) (noting that CAFA's language and legislative history favors federal jurisdiction); *Opelousas General Hosp. Authority v. FairPay Solutions, Inc.*, 655 F.3d 358, 360 (5th Cir. 2011) (CAFA exceptions are to be narrowly construed, with all doubts resolved in favor of exercising jurisdiction); *Safier v. State Farm Fire and Cas. Co., et al*, CIV 09-801 JCH/ACT, Memorandum Opinion and Order, at 7 (D.N.M. Jan. 15, 2010) (Herrera, J.) (stating "CAFA's language and structure clearly indicate that Congress intended to create broad federal jurisdiction over class actions that satisfy CAFA's jurisdictional requirements, with exceptions to be construed narrowly") (attached hereto at Exhibit B and referred to as "*Safier* Order").

A.    **There is Minimal Diversity.**

12.    According to the Complaint, Plaintiffs are New Mexico residents and the members of the putative class are New Mexico residents who were or are insured and/or the beneficiary of the insured by Travelers and/or the R.R. Ortiz Agency and/or Reginaldo Ortiz. Ex. A, Complaint ¶¶ 1-2, 29.

13.    Defendant Switzer is a citizen of Colorado.  *See* Declaration of Jodi Ebersole dated April 3, 2012 at ¶ 6 (attached hereto as Exhibit C and referred to as "Ebersole Decl.").

14.    According to the Complaint, Travelers "is a Connecticut corporation."  Complaint ¶ 3.  Travelers is incorporated under the laws of the State of Connecticut and maintains its principal place of business in Hartford, Connecticut.  *See* Ebersole Decl., ¶ 5.

15.    The citizenship of unnamed "John Does" creates no impediment to removal.  *See* 28 U.S.C. § 1441(a) ("[T]he citizenship of defendants sued under fictitious names shall be disregarded."); *Australian Gold, Inc. v. Hatfield*, 436 F.3d 1228, 1234-35 (10th Cir. 2006).

16.    Accordingly, consistent with 28 U.S.C. § 1332(d)(2)(A), "any member of a class of plaintiffs is a citizen of a State different from any defendant," which means there is minimal diversity as required under CAFA.  28 U.S.C. § 1332(d)(2)(A).

B.    **The Proposed Class Has At Least 100 Members.**

17.    The Complaint alleges that "[t]he Class numbers more than hundred members." Complaint ¶ 30.  Therefore, based on the allegations of the Complaint, CAFA's requirement of at least 100 claimed class members is met.

C.   <u>The Amount In Controversy Exceeds $5,000,000.</u>

18.     "In measuring the amount in controversy, a court must 'assume that the
allegations of the complaint are true and assume that a jury [will] return[ ] a verdict for the
plaintiff on all claims made in the complaint.'"  *Kenneth Rothschild Trust v. Morgan Stanley
Dean Witter*, 199 F. Supp. 2d 993, 1001 (C.D. Cal. 2002) (alterations in original) (quotation
omitted); *Brill v. Countrywide Home Loans, Inc.*, 427 F.3d 446, 448 (7th Cir. 2005) (even "a
good chance that the plaintiff will fail and the judgment will be zero" does not prevent removal).
*See also* 16 James Wm. Moore et al., MOORE'S FEDERAL PRACTICE § 107.14[2][g][i][A]
(3d ed. 2009) ("The test to determine the amount in controversy is not the sum that is ultimately
awarded to the plaintiff, but the sum that is demanded by the plaintiff when the complaint is
filed.").

19.     The amount in controversy is "not proof of the amount the plaintiff will recover.
Rather, it is an estimate of the amount that will be put at issue in the course of the litigation."
*McPhail v. Deere & Company*, 529 F.3d 947, 955 (10th Cir. 2008); *Brill*, 427 F.3d at 448-49
("The question is not what damages the plaintiff will recover, but what amount is 'in
controversy' between the parties. That the plaintiff may fail in its proof, and the judgment be less
than the threshold (indeed, a good chance that the plaintiff will fail and the judgment will be
zero) does not prevent removal.").

20.     As Plaintiffs do not allege a specific amount in controversy in the Complaint,
Defendants must establish the jurisdictional amount by proving jurisdictional facts by a
preponderance of the evidence that "make it possible" that the amount in controversy threshold is
satisfied.  "The Tenth Circuit has held that a defendant need only establish jurisdictional facts

5

that make it <u>possible</u> that the jurisdictional amount is 'in play.'" *See Valdez v. Metropolitan Property & Cas. Ins. Co.*, No. CIV 11-0507 JB/KBM, Memorandum Opinion and Order, at 63 (D.N.M. March 19, 2012) (attached hereto as Exhibit D), quoting *McPhail v. Deere & Co.*, 529 F.3d at 955. Defendants may establish these facts by either the allegations in the Complaint or affidavits or other evidence submitted in federal court. *McPhail*, 529 F.3d at 955-56; *Salazar v. GEICO Ins. Co.*, No. CIV 10-0118 JB/RLP, 2010 WL 2292930, at *3 (D.N.M. Apr. 27, 2010) ("the defendant may rely on an estimate of the potential damages from the allegations in the complaint"); *see also Meridian Sec. Ins. Co. v. Sadowski*, 441 F.3d 536, 541 (7th Cir. 2006) (stating that the amount in controversy may be met "by calculation from the complaint's allegations").

21. The burden of establishing the amount in controversy under CAFA jurisdiction is not an "onerous" burden to satisfy. *See, e.g., Manson v. GMAC Mortgage, LLC*, 602 F. Supp. 2d 289, 294, n.9 (D. Mass. 2009) (amount in controversy is not an "onerous" burden to satisfy); *Schiller v. David's Bridal, Inc.*, No. 1:10-cv-00616 AWI SKO, 2010 WL 2793650, *1 (E.D. Cal. July 14, 2010) ("CAFA makes it easier for litigants to remove class actions to federal district courts"). Judge Herrera recently described this burden in denying remand under CAFA in an insurance class action stating: "a defendant must 'establish jurisdiction by providing jurisdictional *facts* that ma[k]e it *possible* that [the amount in controversy is] in play . . .' and 'it is only the jurisdictional facts that must be proven by a preponderance – not the legal conclusion that the statutory threshold amount is in controversy.'" *Safier* Order at 8-9 (citations omitted) (italics in original).

22.     Unlike traditional diversity jurisdiction, the amount in controversy under CAFA is determined by aggregating the claims of putative class members.  *See* 28 U.S.C. § 1332(d)(6) ("In any class action, the claims of the individual class members shall be aggregated to determine whether the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs") (emphasis added); *Valdez* at 54 ("Under CAFA, a court aggregates the class claims to determine the amount in controversy."); *Toller v. Sagamore Ins. Co.*, 558 F. Supp. 2d 924, 930-31 (E.D. Ark. 2008) ("Since CAFA expressly contemplates aggregation, and CAFA's evident purpose is to expand federal jurisdiction, the proper approach to valuing claims for injunctive relief under CAFA seems to be to use the total benefit to the plaintiff class or the aggregate cost to the defendant") (quotation marks and citations omitted).

23.     Here, the allegations of the Complaint demonstrate that the relief sought by Plaintiffs exceeds the $5,000,000 amount in controversy threshold.  The amounts put at issue by the Complaint far exceed the $5,000,000 amount in controversy threshold when the amounts sought in Plaintiffs' claims for treble damages and attorneys' fees are added to the requested injunctive and declaratory relief.

1.     The Complaint Requests Relief In Excess of $5,000,000.

24.     The Complaint alleges that Travelers has systematically denied UM/UIM coverage to the putative class based upon an invalid rejection of coverage under New Mexico law.  Complaint ¶¶ 18, 33.  It further alleges that Travelers failed to provide the putative class members with information sufficient to enable them to make a knowing and intelligent decision as to whether to receive or reject the full amount of coverage to which they are statutorily entitled.  Complaint ¶ 24; *Jordan v. Allstate Ins. Co*., 2010-NMSC-051, 149 N.M. 162, 245 P.3d

1214 (2010); *Progressive Northwestern Ins. Co. v. Weed Warrior Services*, 2010-NMSC-050,

245 P.3d 1209 (2010). Plaintiffs contend that Travelers is required to reform those policies and

provide those putative class members, who have no UM/UIM coverage, at no charge.

Complaint, Prayers for Relief, pp. 16, 18-22.

25.     The amount in controversy is measured by the value of the object of the litigation,

which is viewed as either the value to the plaintiff or the cost to the defendant. *Hunt v.*

*Washington State Apple Adver. Comm'n*, 432 U.S. 333, 347 (1977); *Lovell v. State Farm Mut.*

*Auto Ins. Co.*, 466 F. 3d 893, 897 (10th Cir. 2006). Here, the value of the litigation, when

viewed from the Plaintiffs' perspective, is the total increase in additional UM/UIM coverage

Plaintiffs will receive if they succeed in reforming their policies to equalize current limits of

UM/UIM coverage with current limits of BI liability coverage. Thus, the measure of the value of

the litigation to Plaintiffs is the current difference between existing UM/UIM limits and BI limits

on policies within the putative class. *Valdez* at 56-57 (finding that the increase in coverage limits

constituted the proper measure of the amount in controversy).

26.     N.M.S.A. 1978, § 66-5-301 requires that an insurer offer UM/UIM coverage up to

the "minimum limits" set forth in the Mandatory Financial Responsibility Act, N.M.S.A. 1978

§ 66-5-215. The Mandatory Financial Responsibility Act states that the minimum limit on a per

accident basis is $50,000. *Id.*

27.     The Plaintiffs allege that they had no UM/UIM coverage. Complaint ¶ 23. The

Plaintiffs also allege that their claim is typical of the claims of the class (which is alleged to have

more than 100 members). Complaint ¶ 33. The Complaint therefore seeks a minimum $50,000

increase in coverage for each of the more than 100 members of the putative class, for an increase

in coverage of at least $5,050,000.  Accordingly, the claimed increase in coverage for the class

more than satisfies the $5,000,000 amount in controversy threshold.

> 2.    The Complaint Alleges Punitive Damages and Attorneys' Fees.

28.    In addition to more than $5,000,000 in relief, as alleged in the Complaint,

Plaintiffs seek an award of treble and/or punitive damages pursuant to the New Mexico Unfair

Trade Practices Act, N.M.S.A 1978, § 57-12-10, and New Mexico common law.  Complaint

¶¶ 63, Prayer for Relief p. 20.  The Complaint also alleges that Plaintiffs are entitled to an award

of attorneys' fees pursuant to N.M.S.A 1978, § 39-2-1 and N.M.S.A 1978, § 57-12-10.

Complaint ¶¶ 49, 55, 63.

29.    Treble and/or punitive damages are properly included in the calculation of the

amount in controversy.  *See Woodmen of World Life Ins. Society v. Manganaro*, 342 F.3d 1213,

1217-18 (10th Cir. 2003) (considering treble damages under the UTPA in deciding on an amount

in controversy); *Humphreys v. Fuselier*, 124 F.3d 216 (10th Cir. 1997) ("A claim for punitive

damages, such as provided by the treble or more damages provision of § 72, may be included in

the jurisdictional amount.") (citations omitted).

30.     Attorneys' fees are also properly included in the calculation of the amount in

controversy.  *Woodmen*, 342 F.3d at 1217-18 ("Because the UPA requires the award of

attorneys' fees to a prevailing claimant, the potential award of attorneys' fees, in addition to

compensatory and treble damages, should have been considered in determining whether

Woodmen satisfied the jurisdictional amount."); *Salazar,* 2010 WL 2292930 at *10 ("The law is

settled that the amount expended for attorney's fees are a part of the matter in controversy for

subject-matter-jurisdiction purposes when a contract or state statute provides for such fees.").

31.     Any statute-based attorneys' fee award would be calculated from the number of hours that Plaintiffs counsel would incur, at a reasonable hourly rate.  *Two Old Hippies, LLC v. Catch the Bus, LLC*, 277 F.R.D. 448, 465 (D.N.M. 2011).  If Plaintiffs were to prevail, it will likely be the result of a significant amount of hours incurred by counsel.  Plaintiffs' counsel may also request a multiplier to the lodestar.  *Id.*  Class actions tried to verdict can involve fee requests asking for millions of dollars, and this case would presumably be no different.  If Plaintiffs succeed in certifying a class, completing discovery, and winning a judgment, they could be expected to claim attorneys' fees in excess of $1,000,000.

32.      In summary, Travelers has "proven jurisdictional facts that make it 'possible that [$5,000,000 is] in play.'"  *Valdez* at 59, quoting *McPhail* at 955.  The $5,000,000 amount in controversy requirement is satisfied by the value of the relief requested in the Complaint alone.  Even if the requested relief did not exceed $5,000,000, when added to the amounts alleged for treble damages, punitive damages, and attorneys' fees, they far exceed the amount in controversy threshold under CAFA.

33.     Nonetheless, even if the Court "is uncertain about whether all matters in controversy in a purported class action do not in the aggregate exceed the sum or value of $5,000,000, the court should err in favor of exercising jurisdiction over the case."  Senate Report on the Class Action Fairness Act of 2005 Dates of Consideration and Passage, S. Rep. 109-14, 42, 2005 WL 627977,*36, 2005 U.S.C.C.A.N. 3, 40 ("Senate Report"); *see also Chavis v. Fid. Warranty Servs., Inc.*, 415 F. Supp. 2d 620, 625-26 (D.S.C. 2006) (quoting same).

34.     Accordingly, all the requirements for removal under CAFA, 28 U.S.C. § 1332(d), are satisfied and this action is properly removed to this Court.

D.     **No CAFA Exceptions Apply.**

35.     Plaintiffs bear the burden of establishing that a statutory exception to CAFA

jurisdiction applies.  *Appert v. Morgan Stanley Dean Witter, Inc.*, No. 11–1095, 2012 WL

739302, at *5 (7th Cir. Mar. 8, 2012) (stating that "the party seeking remand has the burden to

show that the home-state and local controversy exceptions in § 1332(d)(4) are met" and noting

that "several courts have stated generally that the party seeking remand has the burden to

establish any exception to CAFA jurisdiction").  Congress, however, intended the local

controversy exception to CAFA jurisdiction, for example, to be "narrow," and therefore,

"carefully drafted [CAFA] to ensure that it does not become a jurisdictional loophole."  Senate

Report at 39, 42; *Evans,* 449 F.3d at 1163.  *See also, e.g., Powell v. Tosh,* No. 5:09-CV-000121-

TBR, 2009 WL 3484064, *11 (W.D. Ky. Oct. 22, 2009) (rejecting application of the local

controversy and discretionary exceptions and noting that the language and structure of CAFA

indicates that Congress contemplated broad federal court jurisdiction with only narrow

exceptions) (citation omitted); *Kurth v. Arcelormittal USA, Inc.,* No. 2:09- CV-108RM, 2009

WL 3346588, *6 (N.D. Ind. Oct. 14, 2009) (rejecting home state exception and stating that it is

"fairly narrow").  As such, the requirements for meeting these exceptions are to be strictly

construed in favor of removal.  *Evans,* 449 F.3d at 1163 (noting that the local controversy

exception is narrow and all doubts should be resolved in favor of jurisdiction).

36.     Though Plaintiffs bear the burden of proof for establishing the application of a

CAFA exception, Defendants nonetheless address the exceptions out of an abundance of caution.

The local controversy exception applies *only* when a plaintiff class proves that, *inter alia*, at least

one local defendant (*i.e*., a citizen of the forum state) is a defendant − (a) "from whom *significant*

*relief* is sought by members of the plaintiff class," and (b) "whose alleged conduct forms a *significant basis* for the claims asserted by the proposed plaintiff class."  28 U.S.C. § 1332(d)(4)(A) (emphasis added).

37.     In this case, the primary defendant is Travelers, a foreign insurance carrier writing automobile insurance, while the only in-state defendants named are an insurance agency (R.R. Ortiz Agency) and an individual agent (Reginaldo Ortiz) (collectively, "Ortiz").[1]  The putative class alleged in the Complaint consists of Travelers insureds throughout the state of New Mexico - not just those who purchased insurance through Ortiz.  Ortiz is an agent of Travelers and the named plaintiffs have a policy with Travelers, not with Ortiz.  Complaint ¶¶ 4, 6.

38.     Further, the practices challenged in the Complaint are those allegedly employed by Travelers throughout New Mexico and not just those employed by Ortiz.  The Complaint seeks the reformation of all the Travelers policies sold in New Mexico - not just those sold by Ortiz.  The Complaint alleges that the policies sold by Ortiz are Travelers policies, issued by Travelers.  Complaint ¶¶ 4, 6.  The relief sought in the Complaint is the disgorgement of profits from all insurance sales throughout New Mexico during the alleged class period - not just the profits made by Ortiz.  There is no allegation in the Complaint that Ortiz is the only agent in New Mexico who sold Travelers policies or that he sold all the policies at issue during the class period.  To the contrary, Plaintiffs purport to bring this action against various "John Doe Agents" who, they allege, sell insurance policies in New Mexico.  Complaint ¶ 7.

39.     Accordingly, the relief sought against Ortiz is not "significant relief."  *See Valdez* at 68 ("the only way the phrase [significant relief] makes sense is to interpret it in a relative way:

---

[1] Defendant Mary Switzer is a resident of the state of Colorado.  *See* Ebersole Decl. ¶ 6.

is the relief sought against the local defendant significant in comparison to the relief sought against the diverse defendants."); *Evans,* 449 F.3d at 1167 (noting that "significant relief" means "when the relief sought against that defendant is a significant portion of the entire relief sought by the class."); Senate Report at *40 ("a local agent of the company named as a defendant presumably would not fit [the 'significant defendant'] criteria. . . . the agent presumably would not be a person whose alleged conduct forms a significant basis for the claims asserted.  At most, that agent would have been an isolated player in the alleged scheme implemented by the insurance company."); *Stanforth v. Farmers Ins. Co. of Arizona*, No. 09-1146 (RLP/RHS), Order at 7 (D.N.M. Apr. 22, 2010) (attached hereto as Exhibit E) ("a class seeks 'significant relief' against a defendant when the relief sought against that defendant is a significant portion of the entire relief sought by the class").

40.     In *Valdez*, the court held that the inclusion of a local agent as a defendant did not defeat CAFA jurisdiction.  *See Valdez* at 70-71 ("Because the Plaintiffs have failed to establish that Desert Mountain is a defendant from whom significant relief is sought and whose alleged conduct forms a significant basis for the claims asserted, the Court concludes that the local controversy exception does not apply.").

41.     Likewise, the citizenship of "John Doe" defendants is not to be considered in determining jurisdiction.  *See* 28 U.S.C. § 1441(a) ("[T]he citizenship of defendants sued under fictitious names shall be disregarded."); *Australian Gold, Inc. v. Hatfield*, 436 F.3d 1228, 1234-35 (10th Cir. 2006).

42.     In almost identical circumstances to the instant case, District Courts have found that the local controversy exception was inapplicable.  In *Waters v. Advent Prod. Dev. Inc.*, No.

07cv2089 BTM(LSP), 2008 U.S. Dist. LEXIS 50686 (S.D. Cal. June 26, 2008), the court denied

a motion to remand to state court.  The *Waters* court cited the Senate Judiciary Report on CAFA,

which envisioned this very scenario:

> [I]n a consumer fraud case alleging that an insurance company
> incorporated and based in another state misrepresented its policies,
> a local agent of the company named as a defendant presumably
> would not fit this criteria. He or she probably would have had
> contact with only some of the purported class members and thus
> would not be a person from whom significant relief would be
> sought by the plaintiff class viewed as a whole. Obviously, from a
> relief standpoint, the real demand of the full class in terms of
> seeking significant relief would be on the insurance company
> itself.  Similarly, the agent presumably would not be a person
> whose alleged conduct forms a basis for the claims asserted. At
> most, that agent would have been an isolated role player in the
> alleged scheme implemented by the insurance company.

*Id.* at *14-15 (quoting Senate Report at 40).  *See Valdez* at 69 (discussing this portion of CAFA's

legislative history and finding that the local defendant in that case, an insurance agent, "fits

squarely within this example of what would not constitute a defendant from whom significant

relief is sought.").

43.    In *Escoe v. State Farm Fire and Casualty Co.*, No. 07-1123, 2007 WL1207231, at

*3 (E.D. La. Apr. 23, 2007) the court denied a motion to remand, stating:

> State Farm is correct that it is likely that only a small portion of the
> members of the putative class were affected by Glass's alleged
> wrongs. The class is defined as all Louisiana citizens who had
> State Farm homeowners insurance and meet other requirements,
> not all Louisiana citizens who had State Farm homeowners
> insurance who purchased their policies through Glass and meet
> those other requirements. There are many State Farm agents. Thus
> it is unlikely that all of the putative class members bought their
> State Farm homeowners insurance from Glass. Also, Glass's
> ability to pay any potential judgment is much smaller than State
> Farm's. As pointed out by State Farm, there are no class

allegations against Glass, so there really is no Louisiana defendant to the putative class action.

44.     Finally, in *Martin v. State Farm Mutual Automobile Insurance Co.*, No. 3:10-0144, 2010 U.S. Dist. LEXIS 84903 (S.D.W.V. Aug. 18, 2010), the plaintiffs brought an action for reformation of auto insurance policies against out-of-state defendants and local agents.  The court found that the local controversy exception was inapplicable because the plaintiffs provided no evidence that the plaintiffs sought significant relief from the agents or that the agents formed a significant basis for the claims asserted.  *Id*. at *18-26.  *See also Valdez* at 69, 70 (finding local controversy exception inapplicable where agent relied on Travelers to supply the insurance policies and appeared to be an "isolated role player").

45.     For the same reason, Ortiz's conduct cannot be said to have formed "a significant basis" for the claims asserted in the Complaint.  *See, e.g., Valdez* at 70 (finding that agency's conduct did not form a significant basis for the conduct alleged in the complaint because "Desert Mountain was not issuing its own policies and, ultimately, did not determine coverage."); *Manson v. GMAC Mortg. LLC*, 602 F. Supp. 2d 289, 295-96 (D. Mass. 2009) ("Courts that have addressed the issue have addressed the issue [of significant basis] have required that the conduct of an allegedly 'significant' defendant 'must be significant in relation to the conduct alleged against other defendants in the complaint") (quoted with approval in *Stanforth* Order); *Escoe*, 2007 WL 1207231 at *3 ("There are many State Farm agents.  Thus it is unlikely that all of the putative class members bought their State Farm homeowners insurance from [the same agent] . . . . As pointed out by State Farm, there are no class allegations against [the plaintiffs' agent], so there really is no [local] defendant to the putative class action).  Plaintiffs' Complaint, therefore, fails to implicate the local controversy exception.

46.     Significantly, Judge Puglisi rejected an attempt by the plaintiffs in *Stanforth* to invoke the local controversy exception in the nearly identical putative class action currently pending in the District of New Mexico.  *See Stanforth* pp. 6-9.  For the same reasons, the local controversy exception does not apply in this case.

47.     Plaintiffs cannot invoke CAFA's "home state" exception, either.   28 U.S.C. § 1332(d)(4)(B).  For that exception to apply, "the primary defendants" must be New Mexico citizens.  And, "as evident from the statute's use of the phrase '*the* primary defendants' rather that '*a* primary defendant,' the plain language of the statute requires remand only when *all* of the primary defendants are residents of the same state in which the action was originally filed." *Anthony v. Small Tube Mfg. Corp.*, 535 F. Supp. 2d 506, 515 (E.D. Pa. 2007) (emphasis in original; internal quotations omitted).  According to the Senate Report on CAFA, "the term 'primary defendants' should include any person who has substantial exposure to significant portions of the proposed class in the action, particularly any defendant that is allegedly liable to a vast majority of the members of the proposed classes (as opposed to simply a few individual class members)."  Senate Report at *44.  As explained above, Travelers meets this definition of "primary defendant" and it is not a New Mexico citizen.  In a similar case described above, the *Escoe* court rejected application of CAFA's home state exception "because the primary defendant, State Farm, [was] not a citizen of Louisiana."  *Escoe,* 2007 WL 1207231, at *3 n.2.

48.     Finally, the discretionary exception to CAFA jurisdiction does not apply here. 28 U.S.C. § 1332(d)(3).  Under CAFA, a court may decline to exercise CAFA jurisdiction in its discretion if "greater than one-third but less than two-thirds of the members of all proposed classes, the aggregate and the *primary* defendants are citizens of the State in which the action

was originally filed." *Id.* (emphasis added). Again, since the "primary" defendants here are not New Mexico citizens, this exception cannot apply. Also, greater than two-thirds of the members of the putative class are New Mexico citizens.

49. Defendants reserve the right to amend and/or supplement this Notice of Removal.

WHEREFORE, for all of the foregoing reasons, Defendants Travelers Home & Marine Insurance Company, Mary Switzer, Reginaldo Ortiz and R.R. Ortiz Agency respectfully remove this action from state court to this Court, and respectfully request that this Court make whatever orders are necessary to effect the removal of this action from state court to this Court, and to effect the filing of a true record in this cause of all proceedings that may have been had in the state court action.

/s/ Gary W. Larson
Gary W. Larson
Dulcinea Z. Hanuschak
Hinkle, Hensley, Shanor & Martin, LLP
P.O. Box 2068
Santa Fe, New Mexico 87504
Telephone:  (505) 982-4554
Facsimile: (505) 982-8623
glarson@hinklelawfirm.com
dhanuschak@hinklelawfirm.com

Thomas G. Rohback
Gail L. Gottehrer
Axinn, Veltrop & Harkrider LLP
90 State House Square
Hartford, CT 06103
Telephone: (860) 275-8100
Facsimile: (860) 275-8101
tgr@avhlaw.com
glg@avhlaw.com

Attorneys for Defendants The Travelers Home & Marine Insurance Company, Mary Switzer, Reginaldo Ortiz and R.R. Ortiz Agency

<u>CERTIFICATE OF SERVICE</u>

　　　　The undersigned counsel of record hereby certifies that on this 5th day of April, 2012, the foregoing pleading was served by U.S. Mail on the following counsel for the Plaintiffs, and was electronically filed through the CM/ECF system:

Jane G. Rowe
Daniel P. Buttram
Franklin D. Azar & Associates, PC
4343 Pan American Freeway NE, Suite 221
Albuquerque, NM 87107

Franklin D. Azar
Franklin D. Azar & Associates, PC
14426 East Evans Avenue
Aurora, CO 80014

Marc Levy
Joshua R. Proctor
Levy, Wheeler, Waters, PC
Plaza Tower One, Suite 900
6400 S. Fiddler's Green Cir.
Greenwood Village, CO 80111

Gordon H. Rowe, III
The Rowe Law Firm, PC
1200 Pennsylvania St NE Bldg 2B
Albuquerque, NM 87110


<u>/s/ Gary W. Larson</u>