IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

STEVEN BARRERAS and SHARON HERRERA,

      Plaintiffs,

vs.                                      Civ. No. 12-354 KG/RHS

TRAVELERS HOME AND MARINE
INSURANCE COMPANY, MARY SWITZER,
REGINALDO R. ORTIZ, R.R. ORTIZ AGENCY,
and JOHN DOE ADJUSTERS and AGENTS OF
TRAVELERS HOME AND MARINE
INSURANCE COMPANY,

      Defendants.

MEMORANDUM OPINION AND ORDER

Defendants Travelers Home and Marine Insurance Company, Mary Switzer, Reginaldo

R. Ortiz, and R.R. Ortiz Agency (collectively, Defendants) move to dismiss with prejudice

Plaintiffs' First Amended Class Action Complaint for Bad Faith Insurance Practices, Unfair

Claim Practices, Unfair Trade Practices, Negligence, Negligence *Per Se*, Breach of Contract, and

for a Temporary Restraining Order and Jury Demand (Doc. 50) (Amended Complaint), filed

November 16, 2012.  *See* Defendants' [sic] Travelers Home and Marine Insurance Company,

Mary Switzer, Reginaldo R. Ortiz, and R.R. Ortiz Agency's Motion to Dismiss Amended

Complaint (Doc. 55) (Motion to Dismiss Amended Complaint), filed Nov. 26, 2012.  Plaintiffs

responded to the Motion to Dismiss Amended Complaint on December 10, 2012 by filing

Plaintiffs' Response to Motion to Dismiss on Behalf of Defendant Travelers Home and Marine

Insurance Company (Doc. 56) (Response).  On December 21, 2012, Defendants filed

Defendants' [sic] Travelers Home and Marine Insurance Company, Mary Switzer, Reginaldo R.

Ortiz, and R.R. Ortiz Agency's Reply in Further Support of Their Motion to Dismiss Amended Complaint (Doc. 57).

A.  *Background*

   1.  *Plaintiffs' Factual Allegations*

On February 17, 2012, Plaintiffs filed a Class Action Complaint for Bad Faith Insurance Practices, Unfair Claim Practices, Unfair Trade Practices, Negligence, Negligence *Per Se*, Breach of Contract, and for a Temporary Restraining Order (Doc. 1-2) (Complaint) against Defendants in the Second Judicial District Court, County of Bernalillo, State of New Mexico. Plaintiffs allege that Plaintiff Sharon Herrera owned a Travelers Home and Marine Insurance Company (Travelers) automobile insurance policy which named Plaintiff Steven Barreras as an additional driver.  *Id*. at ¶ 16.  Plaintiffs further allege that on July 1, 2011, Plaintiff Barreras was driving an automobile when he was involved in an accident with an uninsured motorist. Plaintiffs maintain that Plaintiff "Barreras notified Defendants of his uninsured motorist claim, and requested verification that Defendants had properly and validly offered him the opportunity to make a valid waiver of uninsured motorist coverage in accordance with the laws of the State of New Mexico."  *Id*. at ¶ 22.  Plaintiffs also allege that "[o]n October 10, 2012, on behalf of Defendants, adjuster Mary Switzer at Travelers denied Plaintiffs' uninsured motorist claim, claiming that Plaintiffs had not purchased UM/UIM coverage."[1]  *Id*. at ¶ 23.  According to Plaintiffs, Defendant Switzer admitted "that Defendants do not have their insureds … sign any waivers of UM/UIM coverage in the State of New Mexico."  *Id*.

Plaintiffs seek relief for Defendants' wrongful and bad faith scheme to deny UM/UIM coverage to Plaintiffs and seek to certify a class of at least 100 similarly situated New Mexico

---

[1] "UM" refers to uninsured motorist while "UIM" refers to underinsured motorist.

residents.  Plaintiffs specifically bring the following claims in both the Complaint and in the

Amended Complaint:  a bad faith insurance practices claim (Count I), a New Mexico Unfair

Claims Practices Act claim (Count II), an Unfair Trade Practices Act claim (Count III), a

negligence claim (Count IV), a negligence *per se* claim (Count V), a breach of contract claim

(Count VI), and a claim for a temporary restraining order (Count VII).

2.  *Procedural History*

Defendants removed the case to federal district court on April 5, 2012.  Shortly

thereafter, on May 3, 2012, Plaintiffs filed a Motion to Remand and Brief in Support (Doc. 19)

(Motion to Remand).  Defendant Switzer then filed Defendant Mary Switzer's Motion to

Dismiss Plaintiffs' Complaint (Doc. 31) on May 24, 2012.  On May 11, 2012, Defendants R.R.

Ortiz Agency and Reginaldo R. Ortiz filed Defendants R.R. Ortiz Agency and Reginaldo R.

Ortiz's Motion to Dismiss Plaintiffs' Complaint (Doc. 21).  Finally, on July 20, 2012, Travelers

filed a Motion to Dismiss on Behalf of Defendant Travelers Home and Marine Insurance

Company (Doc. 43).

On October 17, 2012, the Honorable United States District Court Judge Robert C. Brack

denied the Motion to Remand and addressed the three pending motions to dismiss.  *See*

Memorandum Opinion and Order (Doc. 49).  In addressing the motions to dismiss, Judge Brack

concluded that Plaintiffs did not meet Fed. R. Civ. P. 8(a)(2)'s requirement that a complaint

"contain … a short and plain statement of the claim showing that the pleader is entitled to

relief…."  Judge Brack explained that

> the complaint here fails to differentiate among the four identified Defendants, instead
> alleging that all actions and omissions were committed by the collective "Defendants."
> While Plaintiffs' right to relief against at least some of the Defendants is plausible under
> the facts alleged, Plaintiffs have not established how the claims entitle them to relief from
> each individual and corporate Defendant.  By lumping the Defendants together in each
> claim and providing no factual bases to distinguish their conduct, Plaintiffs' complaint

leaves the Court and the Defendants to speculate as to who did what.  Consequently, the complaint fails to satisfy the minimum standard of Rule 8.

Memorandum Opinion and Order (Doc. 49) at 13.  Judge Brack further concluded that Plaintiffs

did not meet Fed. R. Civ. P. 9(b)'s requirement that "[i]n alleging fraud or mistake, a party must

state with particularity the circumstances constituting fraud or mistake."  Judge Brack reiterated

that

> Plaintiffs' attempt at group pleading has resulted in causes of action that are so general that they fail to put the various Defendants on notice of the allegations against them. While the Plaintiffs are not required to list each of the Defendants by name in order to assert a claim against them all, they are required to identify that the claim is brought against all Defendants when applicable and to identify which Defendants committed the conduct that entitles them to relief.

Memorandum Opinion and Order (Doc. 49) at 13-14.  Judge Brack then deferred ruling on the

motions to dismiss pending Plaintiffs filing an amended complaint within 30 days of the issuance

of the Memorandum Opinion and Order (Doc. 49).  Judge Brack also ordered that "[o]nce

Plaintiffs amend their complaint, any issues raised in the motions [to dismiss] that remain

unresolved may be reasserted before the Court."  *Id*. at 14.

Pursuant to Judge Brack's Memorandum Opinion and Order (Doc. 49), Plaintiffs timely

filed the Amended Complaint and Defendants filed their Motion to Dismiss Amended

Complaint.  The Honorable United States Magistrate Judge Robert H. Scott has since stayed

discovery pending the Court's decision on the Motion to Dismiss Amended Complaint.  *See*

Order Granting Defendants' Motion to Stay Discovery (Doc. 67), filed Feb. 4, 2013.

*3.  The Amended Complaint*

Unlike the Complaint, Plaintiffs specify in the factual allegations portion of the Amended

Complaint which Defendants engaged in certain actions.  *See* Amended Complaint at ¶¶ 24-29.

Also, unlike the Complaint, Plaintiffs specify in Count I, the bad faith insurance practices claim,

that "Defendant Travelers' and Defendant R.R. Ortiz Agency's failure to extend uninsured or

underinsured motorist coverage to Plaintiffs, as well as the Class, was unfounded, unreasonable,

in violation of New Mexico law, and constitutes a breach of their duty of good faith to the

Plaintiffs," and that "Defendant Travelers' and Defendant R.R. Ortiz's failure to give equal

consideration to their own interests and the interests of Plaintiffs and the Class constitutes a

breach of their duty of good faith to the Plaintiffs."[2]  *Id*. at ¶¶ 44-45.  Plaintiffs, however,

continue to refer to the collective "Defendants" for the remainder of the allegations in Count I.

*Id*. at ¶¶ 46-53.  In fact, Plaintiffs seek relief for Count I from "Defendants."  *Id*. at p.16.

Moreover, Plaintiffs continue to refer to the collective "Defendants" in Counts II, IV, V, VI, and

VII.[3]  On the other hand, Plaintiffs amended Count III to specifically allege the Unfair Trade

Practices Act claim against Travelers, Defendant R.R. Ortiz Agency, and Defendant Reginaldo

R. Ortiz.  *Id*. at ¶¶ 62-67.  In addition, Plaintiffs specifically seek relief for Count III from

Travelers, Defendant R.R. Ortiz Agency, and Defendant Reginaldo R. Ortiz.  *Id*. at p. 20.

B.  *Discussion*

        Defendants bring the Motion to Dismiss Amended Complaint under Fed. R. Civ. P.

12(b)(6) and Rule 8(a)(2), and renew the deferred motions to dismiss.  Defendants argue that

Plaintiffs did not correct the deficiencies which Judge Brack noted in his Memorandum Opinion

and Order (Doc. 49) when Plaintiffs filed the Amended Complaint.  Defendants contend that

Plaintiffs "elected to re-package their original Complaint with but a handful of immaterial

---

[2] The Court assumes that Plaintiffs inadvertently referred to "Defendant R.R. Ortiz" when they
meant to refer to Defendant R.R. Ortiz Agency.

[3] Plaintiffs also added the following sentence to Counts I, II, IV, V, VI, and VII:  "Evidence
proving the above allegations is in the sole possession of Defendants."  Amended Complaint at
¶¶ 53, 58, 73, 82, 88, and 94.

alterations." Motion to Dismiss Amended Complaint at 4.  Hence, Defendants argue that the

Court should dismiss the entire Amended Complaint with prejudice.

Plaintiffs argue, however, that the Amended Complaint sets forth sufficient facts to meet

the requirements of Rules 8(a)(2) and 9(b) by describing the "who, what, when, and where" of

their claims.  Additionally, Plaintiffs argue that if the Court decides to dismiss any of their

claims, the Court should do so without prejudice.  In the alternative, Plaintiffs contend that the

Court should allow them to file a second amended complaint to cure any deficiencies in the

Amended Complaint.

*1.  Except for Count III, Plaintiffs failed to comply with Judge Brack's Memorandum Opinion and Order (Doc. 49?*

Plaintiffs make two arguments in support of their contention that they have complied

with Judge Brack's Memorandum Opinion and Order (Doc. 49).  First, Plaintiffs note that the

Amended Complaint specifically names which Defendant allegedly did what in the factual

portion of the Amended Complaint. *See* Amended Complaint at ¶¶ 24-29. Second, Plaintiffs

argue that they state in each Count causes of action upon which relief can be granted and that the

Amended Complaint is, therefore, not subject to dismissal under Rule 12(b)(6), Rule 8(a)(2), or

Rule 9(b).

Plaintiffs have provided much needed specificity in their factual portion of the Amended

Complaint, which is in keeping with Judge Brack's Memorandum Opinion and Order (Doc. 49).

*See* Amended Complaint at ¶¶ 24-29.  However, Count I does not comply with Judge Brack's

Memorandum Opinion and Order (Doc. 49) because several of the allegations under Count I still

refer to the collective "Defendants" as opposed to specific Defendants. Moreover, Plaintiffs have

not provided the required specificity with respect to stating their claims in Counts II, IV, V, VI,

and VII.  Those Counts remain virtually the same as Counts II, IV, V, VI, and VII of the

Complaint and are still directed to "Defendants." Only Count III is directed to specific

Defendants and, therefore, complies with Judge Brack's Memorandum Opinion and Order (Doc.

49).

Furthermore, Plaintiffs' argument that all of the Counts state causes of action upon which

relief can be granted is not helpful to the resolution of the Motion to Dismiss Amended

Complaint.  The Court notes that Plaintiffs simply repeat in the Response their previous

discussions on how the original Complaint stated causes of action upon which relief can be

granted.  *See* Plaintiffs' Response and Objections to Defendant R.R. Ortiz Agency and Reginaldo

R. Ortiz's Motion to Dismiss Plaintiffs' Complaint (Doc. 32) at 6-12, filed May 24, 2012;

Plaintiffs' Response and Objections to Defendant Mary Switzer's Motion to Dismiss Plaintiffs'

Complaint (Doc. 38) at 8-13, filed June 21, 2012; Plaintiffs' Response to Motion to Dismiss on

Behalf of Defendant Travelers Home and Marine Insurance Company (Doc. 44) at 7-13, filed

Aug. 6, 2012.  Judge Brack presumably examined those previous discussions when he held that

"[w]hile Plaintiffs' right to relief against at least some of the Defendants is plausible under the

facts alleged, Plaintiffs have not established how the claims entitle them to relief from each

individual and corporate Defendant."  Memorandum Opinion and Order (Doc. 49) at 13.  Since

Judge Brack has already addressed Plaintiffs' contention that they have stated causes of action

upon which relief can be granted and he concluded that Plaintiffs needed to establish "how the

claims entitle them to relief from each individual and corporate Defendant," the more narrow

issue before this Court is whether Plaintiffs have, in fact, established in the Amended Complaint

"how the claims entitle them to relief from each individual and corporate Defendant."  As

discussed above, the Court concludes that Plaintiffs have complied with that specificity

requirement with respect to just Count III.  Consequently, only Count III survives the Motion to

Dismiss Amended Complaint.

       *2.  Should the Court Dismiss Counts I, II, IV, V, VI, and VII with Prejudice?*

       In the context of a Rule 12(b)(6) dismissal, it is well-established in the Tenth Circuit that

"[a] dismissal with prejudice is appropriate where a complaint fails to state a claim under Rule

12(b)(6) and granting leave to amend would be futile." *Brereton v. Bountiful City Corp.*, 434

F.3d 1213, 1219 (10th Cir. 2006).  Here, Defendants have not suggested that it would be futile

for Plaintiffs to file a second amended complaint which specifically alleges which Defendants

are being sued under Counts I, II, IV, V, VI, and VII.  Defendants, however, cite Tenth Circuit

Court of Appeals cases and a District of New Mexico case to support their argument that this

Court should dismiss Plaintiffs' claims with prejudice under Rule 12(b)(6) for lack of specific

allegations.[4]  Unfortunately for Defendants, those cases are not persuasive.  First, most of those

cases did not consider the futility component of a Rule 12(b)(6) dismissal with prejudice and are

unpublished decisions.  *See Adkins v. Armstrong*, 451 Fed. Appx. 744 (10th Cir. 2011)

(unpublished decision) (affirmed Rule 12(b)(6) dismissal with prejudice of amended complaint

which failed to provide specific factual allegations; no discussion of futility component); *Stinson*

*ex. rel. U.S. v. Maynard*, 341 Fed. Appx. 413, 417 (10th Cir. 2009) (unpublished decision)

(affirmed Rule 12(b)(6) dismissal of amended complaint with prejudice and affirmed denial of

leave to file second amended complaint because "[d]espite receiving notice via [an] order that

her amended complaint was deficient, Ms. Stinson apparently chose to stand on that pleading

until all her claims were dismissed on the same basis more than a year later;" no discussion of

---

[4] Since the Tenth Circuit appellate cases provide sufficient law to resolve the issue of whether to dismiss a claim with prejudice, the Court will not consider cases cited by Defendants which were decided outside of the Tenth Circuit appellate context.

futility component); *Rehnberg  v. Office Max Inc.*, 2011 WL 7629023 *2-3 (D.N.M.)

(unpublished decision) (dismissed with prejudice fraud claim in amended complaint under Rule

12(b)(6) and Rule 9(b) for failing to contain more specific allegations; no discussion of futility

component). Second, the only published Tenth Circuit decision cited by Defendants, *Sheldon v.

Vermonty*, 269 F.3d 1202 (10th Cir. 2001), is distinguishable from this case.  In *Sheldon*, the

Tenth Circuit affirmed an arbitration panel's Rule 12(b)(6) dismissal with prejudice, in part,

because the arbitration panel properly denied the plaintiff's futile request to amend pleadings.

*Id.* at 1207 n. 5.  Here, unlike in *Sheldon*, Defendants have not shown that it would be futile for

Plaintiffs to file a second amended complaint.  Considering Tenth Circuit law and the

unpersuasive nature of the cases cited by Defendants, the Court concludes that the circumstances

of this case do not support a Rule 12(b)(6) dismissal of Counts I, II, IV, V, VI, and VII with

prejudice.

    Another avenue for a court to dismiss a claim with prejudice is through a dismissal for

failure to comply with Rule 8.  Fed. R. Civ. P. 41(b) permits a district court, in the exercise of its

discretion, to dismiss a claim, with or without prejudice, for failure to comply with the Federal

Rules of Civil Procedure, including failure to satisfy Rule 8.  *Nasious v. Two Unknown  B.I.C.E.

Agents, at Arapahoe County Justice Center*, 492 F.3d 1158, 1161-62 (10th Cir. 2007).  A

dismissal with prejudice under Rule 41(b) involves an analysis of four factors known as the

*Ehrenhaus* factors.  *Ehrenhaus v. Reynolds,* 965 P.2d 916, 921 (10th Cir. 1992).  Those factors

are:  "(1) the degree of actual prejudice to the defendant; (2) the amount of interference with the

judicial process; (3) the culpability of the litigant; (4) whether the court warned the party in

advance that dismissal of the action would be a likely sanction for noncompliance; and (5) the

efficacy of lesser sanctions."  *Nasious*, 492 F.3d at 1162 (internal quotations omitted and

citations omitted).  A Rule 41(b) dismissal without prejudice does not involve "any particular procedures." *Id*.

Defendants cite two Tenth Circuit cases in which the Tenth Circuit dismissed cases under Rule 41(b) for failure to comply with Rule 8, not with prejudice, but without prejudice. *See Carbajal v. City and County of Denver*, 502 Fed. Appx. 715, 716 (10th Cir. 2012) (unpublished decision); *Sharon v. Adams County Sheriff's Office*, 316 Fed. Appx. 742, 743-44 (10th Cir. 2009) (unpublished decision).  Defendants do not cite any cases factually like this one in which a court analyzed the *Ehrenhaus* factors and decided to dismiss an amended complaint with prejudice. Notably, Defendants do not engage in their own analysis of the *Ehrenhaus* factors to support their assertion that Plaintiffs' claims should be dismissed with prejudice for failure to comply with Rule 8(a)(2).  Since Defendants have failed to convince the Court that a Rule 41(b) dismissal with prejudice is appropriate, the Court will dismiss the Counts I, II, IV, V, VI, and VII without prejudice.

## C.  Conclusion

The Court concludes that the appropriate course in this case is to dismiss Counts I, II, IV, V, VI, and VII without prejudice.  Additionally, the Court will deny, at this time, Plaintiffs' request to file a second amended complaint. The Court's denial of Plaintiffs' request to file a second amended complaint does not preclude Plaintiffs from filing a motion to amend which complies fully with the Local Rules, the Federal Rules of Civil Procedure, and, in particular, with Fed. R. Civ. P. 11(b) (representations to the Court).  Finally, in light of these rulings, the Court will deny the deferred motions to dismiss as moot.

IT IS ORDERED that:

1.  Defendants Travelers Home and Marine Insurance Company, Mary Switzer, Reginaldo R. Ortiz, and R.R. Ortiz Agency's Motion to Dismiss Amended Complaint (Doc. 55) is granted in part;

2.  Counts I, II, IV, V, VI, and VII of the Amended Complaint will be dismissed without prejudice;

3.  Plaintiffs' request to file a second amended complaint is denied at this time;

4.  Defendant Mary Switzer's Motion to Dismiss Plaintiffs' Complaint (Doc. 31) is denied as moot;

5.  Defendants R.R. Ortiz Agency and Reginaldo R. Ortiz's Motion to Dismiss Plaintiffs' Complaint (Doc. 21) is denied as moot; and

6.  the Motion to Dismiss on Behalf of Defendant Travelers Home and Marine Insurance Company (Doc. 43) is denied as moot.


_____
UNITED STATES DISTRICT JUDGE