IN THE UNITED SATE DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

STEVEN BARRERAS and
SHARON HERRERA,

      Plaintiffs,

      v.                          Case No. 12-cv-354 KG/SCY

TRAVELERS HOME AND MARINE
INSURANCE COMPANY *et al.*,

      Defendant.

## PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

In this putative class action lawsuit, Plaintiffs allege that Defendant Travelers Home and Marine Insurance Company ("Travelers") and its agents wrongfully denied class members' claims for uninsured and underinsured motorist benefits. On October 23, 2014, Defendant Travelers alerted Plaintiffs that it planned on contacting members of the alleged class in order to offer them individual settlements. *Doc. 102*, Ex. 6. Plaintiffs objected to this proposal, but were unable to convince Defendant Travelers to agree to seek Court oversight of communications with putative class members. *Id.* Thus, Plaintiffs decided to file an Emergency Motion for a Temporary Restraining Order and Preliminary Injunction. *Doc. 102*. In this Motion, Plaintiffs argue that the Court should supervise Defendant's attempts to procure settlement agreements with proposed class members because these agreements have the potential to adversely impact Plaintiffs' ability to successfully obtain class certification. *See generally id.*

Defendant opposes the Motion on free speech grounds, maintaining that "Plaintiffs have no right to dictate the content of [Defendant's] contact with putative class members" absent a showing of imminent coercion or abuse. *Doc. 114* at 9. On November 12, 2014, the Court held a hearing on Plaintiffs' Motion where it obtained additional information about the nature of

1

Defendant's proposed communications. After considering this evidence, counsel's arguments, and the controlling law, I recommend that the Court deny Plaintiffs' request for a temporary restraining order and issue an order requiring Defendant to include language in its settlement offers informing the class members of the nature of this lawsuit.

> **I.     Temporary Restraining Order**

Plaintiffs initially asked the Court to enter a temporary restraining order barring Defendant from having any communications with putative class members until the Court could rule on Plaintiffs' Rule 23(d) request for court supervision of Defendant's settlement negotiations. *Doc. 102* at 6. At the November 12, 2014 hearing, Defendant indicated that it had not yet contacted any potential class members and would refrain from doing so until the Court issues a final ruling on Plaintiff's Motion. It is therefore my recommendation that the Court deny Plaintiffs' request for a temporary restraining order as moot.

> **II.    Rule 23(d) Speech Restrictions**

Federal Rule of Civil Procedure 23(d) grants courts "broad authority to exercise control over a class action and to enter appropriate orders governing the conduct of counsel and parties" when necessary to prevent abuse of the class action mechanism. *Gulf Oil Co. v. Bernard*, 452 U.S. 89, 100 (1981). This includes the authority to limit or otherwise monitor communications between the parties and the potential class members. *See*, *e.g.*, *In re School Asbestos Litigation*, 842 F.2d 671, 683 (3d Cir. 1988); *Kleiner v. First Nat'l Bank*, 751 F.2d 1193, 1206 (11th Cir. 1985). Before exercising this authority, however, a court must carefully balance the need for speech restrictions against "the potential interference with the rights of the parties." *Gulf Oil*, 452 U.S. at 101. Unless the moving party produces evidence allowing the court to make specific

findings that there is a threat of actual or imminent abuse, the court will refrain from interfering with the nonmoving party's right to communicate freely with putative class members. *Id.* at 102.

Examples of abusive communications warranting court intervention include misleading communications, coercive communications, and communications designed to undermine confidence in class counsel. *See In re School Asbestos Litigation*, 842 F.2d at 683 n. 22 (collecting cases involving Rule 23(d) communication orders); *Cox Nuclear Med. v. Gold Cup Coffee Servs.*, 214 F.R.D. 696, 697-698 (S.D. Ala. 2003) ("Abusive practices that have been considered sufficient to warrant a protective order include communications that coerce prospective class members into excluding themselves from the litigation; communications that contain false, misleading or confusing statements; and communications that undermine cooperation with or confidence in class counsel."). On the other hand, it is well-recognized that a defendant's transmission of a settlement offer to a potential class member is not inherently problematic. *Cox Nuclear*, 214 F.R.D. at 699 ("A defendant has the right to communicate settlement offers directly to putative class members"); *Keystone Tobacco Co. v. United States Tobacco Co.*, 238 F. Supp. 2d 151, 154 (D.D.C. 2002) ("[S]ettlements are looked upon favorably by the courts, particularly in complex class actions in which the Court's resources may be heavily taxed by prolonged litigation."). Like with all other forms of communications, a court may place prior restrictions on the content of a defendant's settlement communications only if these communications are likely to be misleading, coercive or otherwise injurious to the proper functioning of the class action lawsuit.[1] *Id.*

---

[1] In their Reply, Plaintiffs suggest that the Court should view Defendant's attempts to settle with class members as suspect because these attempts have the potential to reduce the size of the putative class. *Doc. 115* at 1-2. To support this position, Plaintiffs cite *Lucero v. Bureau of Collection Recovery, Inc.,* 639 F.3d 1239 (10th Cir. 2011) for the proposition that allowing a defendant to "pick off" class members frustrates the objectives of Rule 23. *Lucero* involved a defendant who attempted to terminate a class action lawsuit by offering the named plaintiff a settlement for the full amount of this plaintiff's claim in order to moot the underlying lawsuit under Fed. R. Civ. P. 68. The Court reasoned that this behavior should not be allowed because it wastes judicial resources. To the contrary,

In making a determination concerning whether a proposed settlement offer is misleading, the court focuses on the accuracy and completeness of the information contained in the offer, not the underlying fairness of the offer itself. *Keystone Tobacco*, 238 F. Supp. 2d at 155. In general, a settlement offer will pass muster if it contains sufficient information to inform the recipient of the terms of the offer and the effects of accepting or denying the offer. *Id.*; *see also Friedman v. Intervet Inc.*, 730 F. Supp. 2d 758, 763 (N.D. Ohio 2010) (before obtaining settlement agreements from putative class members defendant must inform the class members what they are "giving up" by entering the settlement agreement).

### III. Analysis

Plaintiffs contend that court-oversight of Defendant's communications is appropriate in this case because there is an ongoing business relationship between Defendant, an insurer, and some of the class members, its insureds. *Doc. 102* at 3. To support this position, Plaintiffs cite to case law declaring that a business relationship, such as an employment relationship, may increase the likelihood that communications designed to convince a class member to opt-out of the class action are coercive. *Id.* However, Plaintiffs fail to explain how Defendant's relationship with the putative class members in this case makes coercion probable. "The test for coercion is whether the [proposed communication would] somehow overpower[] the free will or business judgment of the potential class members." *Jenifer v. Delaware Solid Waste Auth.*, Nos. 98-270/98-565, 1999 U.S. Dist. LEXIS 2542, at *16-17 (D. Del. Feb. 25, 1999). The Court agrees with Defendant that the putative class members, consumers of a fungible product, are not inherently likely to be coerced into accepting Defendant's settlement offer merely due to the nature of the business relationship. Here, Plaintiffs have not produced any evidence that

---

making settlement offers to non-represented putative class members conserves judicial resources by resolving claims without judicial intervention. In other words, *Lucero* does not undermine the general rule that settlement offers are favored.

Defendant has or is likely to threaten putative class members or engage in other misconduct that would threaten to overwhelm class members' ability to weigh the costs and benefits of settling. To the contrary, Defendant has assured the Court that it plans on informing putative class members that "they may wish to consult with their personal attorney regarding whether to accept a settlement." *Doc. 114* at 7. In light of this evidence, the Court concludes that Plaintiffs have failed to establish that prohibition of Defendant's speech is necessary to prevent coercion.

The Court will next address Plaintiffs' contention that Defendant's proposed communications are misleading because they fail to fully inform putative class members about this lawsuit. As an initial matter, it is important to note that Defendant has repeatedly acknowledged its duty to include information in its settlement offers about the existence of this lawsuit and about the effects of settling. *See doc. 114* at 6. Specifically, at the November 12, 2014 hearing, Defendant stated that it would willingly (1) identify this lawsuit by caption, case number, and location, (2) state that Plaintiffs assert claims under the New Mexico Unfair Trade Practices Act, (3) explain that settlement will result in the release of all claims and will preclude participation in this lawsuit, (4) advise that Defendant will hold the settlement offer open for fourteen days in order to allow putative class members time to seek independent counsel concerning the offer, and (5) warn that settlement could result in the recovery of less money than pursuing litigation.

Nonetheless, Plaintiffs remain unsatisfied; they continue to argue that Defendant's proposal is misleading because it sugarcoats the terms of the proposed settlement and "encourages unfair, inadequate settlements." *Doc. 115* at 8. To prevent these alleged abuses, Plaintiffs request an order requiring Defendant to provide <u>detailed</u> information about (1) the nature of the unfair trade practices claim, (2) the nature of the claims putative class members are

being asked to release, (3) the damages sought in this lawsuit, as well as contact information for Plaintiffs' counsel. While Plaintiffs have not requested specific language or provided a sample of language they deem adequate, they are clearly envisioning that Defendant be required to provide putative class members with a lengthy exegesis of the position taken by Plaintiffs in this lawsuit. The Court does not believe that this is necessary to protect putative class members from misleading settlement offers. Defendant's proposal concisely and accurately provides putative class members with basic information about the existence of the lawsuit and the nature of the claims asserted in the lawsuit. The only critical piece of information missing from Defendant's proposal is information regarding the relief sought in by Plaintiffs. The Court agrees that the omission of this information has the potential to be misleading given Defendant's stated intention to offer putative class members only a readjustment amount to settle. *See Jones v. Jeld-Wen, Inc.*, 250 F.R.D. 554, 564 (S.D. Fla. 2008) (requiring Defendant to "fully disclose[] the relief sought in the class action" when making settlement offers); *Cox Nuclear*, 214 F.R.D. at 699 (recognizing that a settlement offer may be abusive if it offers "less than that sought in the lawsuit" without informing the recipients of the possibility of obtaining a greater amount in the lawsuit). However, this deficiency easily can be corrected by including language stating that Plaintiffs are seeking treble damages. Thus, I will recommend that this language, and only this language, be added to Defendant's proposed communications.

To the extent that Plaintiffs' other entreaties have merit, the Court is not persuaded that further restriction on Defendant's speech is the "narrowest possible relief which would protect the respective parties." *Gulf Oil Co.*, 452 U.S. at 102. Plaintiffs are in possession of or have access to contact information for the eleven putative class members with whom Defendant intends to communicate. Like Defendant, they are free to reach out to these individuals to

provide information about this lawsuit, including their contact information, as long as this information is not misleading or coercive.

### IV. Conclusion

For the reasons discussed above, I recommend that the Court deny Plaintiff's request for a temporary restraining order and enter an order requiring Defendant to include information in its settlement offers concerning Plaintiffs' request for treble damages.

/s/ Steven C. Yarbrough
STEVEN C. YARBROUGH
UNITED STATES MAGISTRATE JUDGE

---

**THE PARTIES ARE FURTHER NOTIFIED THAT WITHIN 14 DAYS OF SERVICE** of a copy of these Proposed Findings and Recommended Disposition they may file written objections with the Clerk of the District Court pursuant to 28 U.S.C. § 636(b)(1). **A party must file any objections with the Clerk of the District Court within the fourteen-day period if that party wants to have appellate review of the proposed findings and recommended disposition. If no objections are filed, no appellate review will be allowed.**