IN THE UNITED SATE DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

STEVEN BARRERAS and
SHARON HERRERA,

    Plaintiffs,

    v.                                          Case No. 12-cv-354 KG/SCY

TRAVELERS HOME AND MARINE
INSURANCE COMPANY *et al.*,

    Defendants.

**ORDER**

THIS MATTER is before the Court on Plaintiffs' Motion to Compel complete and organized discovery responses (*doc. 118*) from Defendants. Defendants oppose the Motion both procedurally and on the merits. *Doc. 121*. Specifically, Defendants argue that the Court should not consider Plaintiffs' Motion because (1) Plaintiff did not attempt to confer with Defendants in good faith prior to filing the Motion as required by Fed. R. Civ. P. 37 and (2) Plaintiffs' Motion contains generalized complaints about the discovery responses, but does not adequately outline the discovery disputes at issue. The Court agrees that Plaintiffs failed to make sufficient attempts to resolve the discovery disputes before seeking court intervention. The Court will, therefore, deny Plaintiffs' Motion.

Before filing a motion to compel, a party must confer or attempt to confer *in good faith* "with the person or party failing to make disclosure or discovery in an effort to obtain it without court action." FED. R. CIV. P. 37(a)(1). This requirement aims to reduce litigation expenses, narrow discovery disputes, and eliminate unnecessary court-involvement in the exchange of discovery. Additionally, lawyers in this District must comply with the local rules, which discourage the filing of unnecessary motions by requiring a movant to determine if a motion is

1

opposed before filing the motion. *See* D.N.M. LR-Civ. 7.1(a). Under this rule, a motion "that omits recitation of a good-faith request for concurrence may be summarily denied." *Id.*

Here, Plaintiffs' Motion does not contain any statement concerning what, if any, efforts Plaintiffs made to determine whether the Motion was opposed prior to filing. Thus, the Motion may be summarily denied. Furthermore, the Court finds that Plaintiffs failed to confer with Defendants in good faith as required by Fed. R. Civ. P. 37. The Court recognizes that the parties exchanged communications throughout June, July and August of 2014 regarding the discovery disputes at issue. It is, however, undisputed that the discovery dispute was set aside in August as the parties pursued settlement negotiations and that neither side spoke with the other about the discovery dispute between August 2014 and the filing of the present motion on November 24, 2014. While Defendants' duty to provide discovery responses did not lapse during this time period, Plaintiffs remained responsible for ensuring that Defendants had realistic notice of their intent to file a motion to compel prior to actually filing such a motion. The Court does not consider an email in early August 2014 as a good faith attempt to resolve a discovery issue that is not raised with the Court until late November 2014. Rather than addressing the merits of Plaintiffs' Motion to Compel, the Court will order the parties to meet and confer either telephonically or in person in an attempt to resolve the discovery disputes raised by Plaintiffs.

Although the Court is denying Plaintiffs' motion to dismiss without prejudice, the Court also notes that Plaintiffs raise a valid concern with regard to the length of time it is taking for them to receive discovery in this matter. Plaintiffs served Defendants with requests for production on April 3, 2014. Defendants admit that they have yet to fully respond to these requests. The Court warns Defendants that continued failure to timely respond to Plaintiffs'

discovery requests could result in the imposition of costs under Fed. R. Civ. P. 37, if additional court intervention in this area becomes necessary.

**IT IS THEREFORE ORDERED THAT:**

1. Plaintiffs' Motion to Compel (*doc. 118*) is denied without prejudice to re-filing after the parties meet and confer as described below.

2. The parties are ordered to meet and confer telephonically or in person, by January 16, 2015 to discuss each of Plaintiffs' requests for supplementation.

3. If the parties are unable to settle their differences, they must compile a joint stipulation, signed by both counsel. This stipulation must state the date the parties conferred and describe their efforts to resolve their discovery disputes. The stipulation must also list each remaining area of dispute, along with the contentions of each party concerning this dispute, supported by legal authority. The stipulation shall not refer the Court to any other documents. For example, if the sufficiency of an answer to an interrogatory is at issue, the stipulation must contain, verbatim, both the interrogatory, the allegedly deficient answer, followed by each party's contentions as to that interrogatory, separately stated. Plaintiff will bear responsibility for filing this joint stipulation, which will be considered as a renewed motion to compel.

/s/ Steven C. Yarbrough

STEVEN C. YARBROUGH
UNITED STATES MAGISTRATE JUDGE