IN THE UNITED SATE DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

STEVEN BARRERAS and
SHARON HERRERA,
      Plaintiffs,

v.                                      Case No. 12-cv-354 KG/SCY

TRAVELERS HOME AND MARINE
INSURANCE COMPANY *et al.*,
      Defendants.

**ORDER**

THIS MATTER is before the Court on Defendants' Motion to Compel Plaintiffs to respond to Defendants' interrogatories regarding class certification. *Doc. 139*. Plaintiffs oppose the Motion as procedurally and substantively deficient. *Doc. 145*. Having considered these objections and being otherwise fully advised, the Court grants Defendants' Motion to Compel responses to Interrogatories Number 7, 9-10 and denies Defendants' Motion to Compel a response to Interrogatory Number 8.

    **I.**        **Background**

In this putative class action lawsuit, Plaintiffs allege that Defendants, Travelers Home and Marine Insurance Company ("Travelers") and its agents, wrongfully denied class members uninsured and underinsured ("UM/UIM") coverage by allowing these consumers to reject UM/UIM protection without providing them with the proper and legally required UM/UIM disclosures. At the moment, the parties are in the middle of concluding class certification discovery, which is scheduled to close on June 5, 2015 with Plaintiffs' class certification motion due June 25, 2015. *Doc. 135*. While there is still time for the parties to formulate their respective positions regarding class certification, it appears Defendants intend to argue that an insufficient number of individuals have been wrongfully denied UM/UIM coverage to form a class action. In

this regard, Defendants have represented to the Court that the only putative class members they have identified are the Plaintiffs. *Doc. 139* at 1. In an attempt to learn if the Plaintiffs are aware of other class members, Defendants served Plaintiffs with written interrogatories regarding the numerosity of the proposed class. *Doc. 139*, Ex. D. Plaintiffs refused to answer these interrogatories, prompting Defendants to file the present Motion to Compel Plaintiffs to (1) identify all the members of the proposed class known to Plaintiffs (Interrogatory 7); (2) explain how they propose to identify additional class members (Interrogatory 8); (3) list the facts that support their claim that the class is so numerous that joinder is impracticable (Interrogatory 9); and (4) list the facts that support their claim that the class has more than a hundred members (Interrogatory 10).

## II.   Analysis

### a.  Procedural Posture

Plaintiffs initially responded to Defendants' Motion to Compel by filing an objection noting that the parties had discussed the discovery dispute at issue, but arguing that "Defense counsel did not confer in good faith with Plaintiffs' counsel concerning the [M]otion" prior to filing the Motion. *Doc. 140* at 2. Plaintiffs explained that, after discussing Interrogatories 7-10, the parties had agreed to raise all discovery disputes with the Court through joint stipulation and Defense Counsel did not inform Plaintiffs' counsel "that [Defendants] intended to file a separate, stand-alone motion" regarding these Interrogatories. *Doc. 140* at 3-4. Plaintiffs, therefore, requested that the Court schedule a telephone conference to discuss "whether Plaintiffs should be required to respond to the [M]otion." *Doc. 140* at 6. Defendants countered that Plaintiffs had "no basis to claim any unfair surprise in receiving the [M]otion to [C]ompel" because Defendants had requested that Plaintiffs supplement their discovery responses during the March 25, 2015

telephone conference, but Plaintiffs expressly refused to do so. *Doc. 141* at 2. For this reason, Defendants objected to having a telephonic conference with the Court and requested that briefing proceed on the merits. *Id.* At Plaintiffs' request, and over Defendants' objection, the Court held a telephonic status conference on April 30, 2015. *Doc. 142*.

Cognizant that the parties disputed whether Defendants had satisfied Rule 37's meet and confer requirement before filing their Motion to Compel, the Court began the conference by noting that Defendants indisputably violated Local Rule 7.1(a), which required them to ascertain whether Plaintiffs opposed the Motion before filing the Motion. *Doc. 143*. The Court explained, however, that if Plaintiffs planned on opposing Defendants' discovery requests, it would be inefficient to deny Defendants' Motion just to have them immediately re-file the same Motion noting Plaintiffs' objection. Thus, the Court asked Plaintiffs if they believed it would be productive to have the parties meet again in an attempt to resolve the issues raised by Defendants' Motion to Compel. *Id.*

Plaintiffs' counsel responded that Plaintiffs were unwilling to negotiate about some of Defendants' requests, but were, perhaps, willing to provide additional information in response to Interrogatories 9-10. Defense counsel replied to this statement by complaining that Plaintiffs' counsel had not previously indicated a willingness to provide any additional information. Defense counsel further stated that Defendants wanted a ruling on the Motion to Compel prior to their May 22, 2015 deadline for disclosing a class expert (a goal that could not be met under a normal briefing schedule, much less a schedule that would result from the Court denying the Motion, requiring the parties to meet and confer, and then allowing Defendants to re-file if necessary). In response to Defendants' request for an early ruling, the Court noted that Defendants controlled when the Motion to Compel was filed and, therefore, Plaintiffs should be

allotted the normal response time, if they wished to use it. Alternatively, the Court offered to rule on the Motion on an expedited schedule, if the parties so agreed. Plaintiffs' counsel then volunteered to file Plaintiffs' response by May 8, 2015. Plaintiffs' counsel did not indicate that further negotiations would be fruitful or that Defendants' Motion should be denied to allow time for further negotiations. *Id.* Based on this conversation, the Court believed that any issues about the procedural deficiencies in Defendants' Motion had been laid to rest.

In the Response, however, Plaintiffs once again raise failure to adequately meet and confer as a basis for denial of Defendants' Motion to Compel. In making this argument, Plaintiffs emphasize that the Court denied Plaintiffs' November Motion to Compel because Plaintiffs did not give Defendants realistic notice of their intent to file the Motion. Plaintiffs argue that fair application of this standard now requires the Court to dismiss Defendants' Motion to Compel. *Doc. 145* at 5. Standards should, of course, be applied consistently, uniformly, and equally. Thus, if the circumstances surrounding Defendants' current Motion to Compel were the same as the circumstances surrounding Plaintiffs' November Motion, the Court would deny Defendants' Motion as procedurally deficient.

The circumstances surrounding the two Motions to Compel, however, are not the same. First, the record demonstrates that less than a month before Defendants filed their Motion to Compel, the parties directly communicated over the telephone about the Motion and were unable to come to any agreement. *Doc. 140* at 3. In contrast, the parties had not discussed the issues raised in Plaintiffs' November Motion to Compel for months prior to its filing and, based on the face of the Motion, it was the Court's belief that further discussion might resolve the issues raised in the November Motion. *See doc. 127*. Thus, the Court denied the Motion without prejudice to re-filing after further discussion had occurred. *Id.*

4

Moreover, during the April 30, 2015 telephonic conference, the Court gave Plaintiffs' counsel ample opportunity to state whether Plaintiffs believed further discussions might resolve or narrow the issues presently before the Court. Plaintiffs' counsel provided an equivocal response in which he indicated that Plaintiffs might be willing to provide more information, but also stated that Plaintiffs believed Defendants' requests were legally improper, and ultimately offered to submit an expedited brief on the merits. *Doc. 143.* Had Plaintiffs' counsel clearly advised the Court that further discussion with Defendants had the potential to resolve the disputes set forth in Defendants' Motion to Compel, the Court would have taken a course similar to the one it took when it denied Plaintiffs' Motion to Compel with leave to re-file.

Under the present circumstances, however, the Court will not bar Defendants' Motion to Compel as procedurally improper. Not only is it clear that further discussion would resolve few, if any, of the disputes raised in Defendants' Motion to Compel, the time for Plaintiffs' counsel to advocate for such discussion has passed. If Plaintiffs thought further negotiations would be useful, they should have clearly said so at the April 30, 2015 conference rather than volunteering to file a responsive brief by May 8, 2015. For this reason, the Court will proceed to discuss the merits of Defendants' Motion to Compel.

### b. Class Action Discovery

In the Motion to Compel, Defendants ask the Court to order Plaintiffs to: (1) identify all the members of the proposed class known to Plaintiffs (Interrogatory 7); (2) explain how they propose to identify additional class members (Interrogatory 8); (3) list the facts that support their claim that the class is so numerous that joinder is impracticable (Interrogatory 9); and (4) list the facts that support their claim that the class has more than a hundred members (Interrogatory 10). Plaintiffs' Response does not contain a list of specific objections tailored to each of these

interrogatories. Rather, Plaintiffs generally argue that (1) the appropriate mechanism for answering these questions is through a Rule 23 class certification motion, not interrogatories, (2) Defendants' interrogatories constitute "gamesmanship" because Defendants know the answers to their own questions – which are contained in discovery Defendants themselves provided; and (3) Plaintiffs should not be obliged to identify class members because this is not a requirement for class certification under Federal Rule of Civil Procedure 23.[1] *Doc. 145*. None of these objections is legally viable.

First, while Plaintiffs argue that Defendants are improperly and without any authority asking for "answer to questions that [Federal Rule of Civil Procedure 23] is designed to resolve" (*doc. 145* at 2), Plaintiffs do not address Federal Rule of Civil Procedure 26, which states that "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense," including evidence that is not admissible at trial, "if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." Plaintiffs have not cited any authority for the proposition that there is an exception to this rule that prohibits discovery regarding class certification because class certification is a procedural issue. To the contrary, the only case Plaintiffs cite that involves a discovery dispute recognizes that Rule 26 grants parties "a right to conduct discovery for the purposes of class certification." *Kelly v. Montgomery Lynch & Assocs.*, No. 1:07-CV-919, 2007 U.S. Dist. LEXIS 93651 (N.D. Ohio Dec. 13, 2007). This proposition is well-settled and non-controversial. *See Oppenheimer Fund v. Sanders*, 437 U.S. 340, 351 (1978) ("Nor is discovery limited to the merits of a case, for a variety of fact-oriented issues may arise during litigation that are not related to the merits. . . . [D]iscovery often has been used to illuminate issues upon which a district court must pass in deciding whether a suit should

---

[1] Plaintiffs do not list these as three distinct objections. This list is based on the Court's liberal reading of the generalized arguments made in Plaintiffs' Response.

proceed as a class action under Rule 23, such as numerosity, common questions, and adequacy of representation."); *Kaufman v. Am. Family Mut. Ins. Co.*, 601 F.3d 1088, 1090 (10th Cir. 2010) (noting that the district court had issued an order to compel the defendant to respond to discovery requests that were "relevant to Rule 23(a)(1)'s numerosity requirement"). Plaintiffs' very general complaint that "Defendants are putting the cart before the horse" by requesting information about "procedural questions before the procedure to answer those questions has taken place," *doc. 145* at 2, has no merit. Otherwise, there would be no purpose to class certification discovery at all.

Plaintiffs' second objection – that Defendants already have all the information they need – is similarly lacking in legal support. The Court agrees that it would be pointless to require Plaintiffs to simply "spit" information Defendants provided back to Defendants. Plaintiffs might, however, have relied on some other source of information to identify class members about whom Defendants are unaware. Similarly, Plaintiffs and Defendants might not have the same view of the discovery Defendants provided. They could, for example, disagree about whether certain information in the discovery supports class certification. Just as Plaintiffs are entitled to discovery from Defendants related to potential class members, Defendants are entitled to discovery from Plaintiffs related to potential class members.

Federal Rule of Civil Procedure 26 allows the Court to limit discovery if (1) "the party seeking discovery has had ample opportunity to obtain the information by discovery in the action" or (2) "the burden or expense of the proposed discovery outweighs its likely benefit, considering the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the action, and the importance of the discovery in resolving the issues." Here, Plaintiffs have not identified any other opportunity Defendants have had to

ascertain whether Plaintiffs are relying on information from other sources to support their claim

that the proposed class is sufficiently large to warrant certification. Nor have Plaintiffs given any

indication that responding to these interrogatories would be burdensome. Rather, it appears from

their Response that Plaintiffs may have listed the facts they contend support a finding that the

proposed class is numerous, thereby answering Interrogatories 8-9. *Doc. 145* at 3-4. If this is all

the information responsive to the Interrogatories Plaintiffs presently possess, it will be a simple

matter of cut and paste for Plaintiffs to send Defendants this information in the form of answers

to Interrogatories 9-10.

Plaintiffs' last objection concerns the impropriety of asking for information about the

identities of the proposed class members. As an initial matter, the Court notes that this objection

is only applicable to Interrogatories 7-8 because neither Interrogatory 9 nor Interrogatory 10

requires Plaintiffs to provide specific names or identifying information for the putative class

members. Thus, the Court construes Plaintiffs' arguments about identification of particular class

members as an argument that Interrogatories 7-8 are not relevant to the issue of whether class

certification is appropriate. This argument is unpersuasive on its face. While Plaintiffs may be

right that they are not required to identify class members in order to succeed in having a

proposed class certified, this does not mean Plaintiffs' knowledge of specific class members is

irrelevant and not presently discoverable. For instance, if Plaintiffs knew of 200 individuals who

had viable UM/UIM claims, but had been denied UM/UIM benefits by Defendants' allegedly

improper practices, this would be information Defendants are entitled to possess and investigate.

The Court notes that providing this type of information does not preclude Plaintiffs from later

requesting the Court to authorize a procedure to identify additional class members.

Even though the Court does not find any of the objections contained in Plaintiffs' response persuasive, the Court has decided to deny Defendants' Motion to Compel Plaintiffs to explain how they propose to identify additional class members (Interrogatory 8). Defendants assert that this is an appropriate contention interrogatory that requests Plaintiffs to specify the facts they contend support their claims. *Doc. 146* at 4-5. The Court disagrees. Interrogatory 8 does not ask for factual information related to a specific legal contention; it requests an explanation of Plaintiffs' legal strategy for finding additional class members, thereby seeking material protected under the work product doctrine.  Defendants alternatively argue that Plaintiffs have waived any work-product objection by failing to raise this issue in the Response. *Id.* Defendants do make a valid point. Nonetheless, because Plaintiffs accommodated Defendants by agreeing to an expedited briefing schedule that reduced the time they had to fully address all issues raised by Defendants' motion, and because Plaintiffs asserted the work-product privilege in a letter to Defendants that was included as an exhibit to briefing in this case, the Court will forgive Plaintiffs' waiver of this objection and deny Defendants' Motion to Compel Plaintiffs to respond to Interrogatory 8.

IT IS THEREFORE ORDERED THAT:

1.   Defendants' Motion to Compel (*Doc. 139*) is GRANTED in part and DENIED IN PART.

2.  Plaintiffs must provide complete responses to Interrogatories 7, 9-10 within ten (10) days from the entry of this Order.


/s/ Steven C. Yarbrough
STEVEN C. YARBROUGH
UNITED STATES MAGISTRATE JUDGE