IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

STEVEN BARRERAS
and SHARON HERRERA,

    Plaintiffs,

vs.                                                                       Civ. No. 12-354 KG/LF

TRAVELERS HOME AND
MARINE INSURANCE
COMPANY,

    Defendant.

## ORDER ALLOWING SURREPLY AND REPLY TO SURREPLY

This matter comes before the Court upon the Motion of Defendant Travelers Home and Marine Insurance Co. for Leave to File Surreply Brief with Regard to Plaintiffs' Motion for Class Certification (Motion to File Surreply), filed on November 16, 2015.[1] (Doc. 180). Plaintiffs also responded to the Motion to File Surreply on November 16, 2015. (Doc. 181). Plaintiffs oppose the Motion to File Surreply, but, if the Court grants the Motion to File Surreply, Plaintiffs request that the Court permit them to file a reply to the surreply. Defendant replied to the Motion to File Surreply on December 4, 2015, and asks that the Court not allow Plaintiffs to file a reply to the surreply. (Doc. 186). Having considered the Motion to File Surreply and the accompanying briefs, the Court grants the Motion to File Surreply and permits Plaintiffs to file a reply to the surreply.

Defendant seeks to file a surreply of no more than six pages to address evidence Plaintiffs cite for the first time in their reply to the motion for class certification. *See* (Doc. 173) at 4. That

---

[1] D.N.M. LR-Civ. 7.6(b) states that the filing of a surreply requires leave of the Court.

evidence is a document entitled "New Mexico Court Rulings on UM/UIM Coverage Adversely Affect the Automobile Insurance Environment." (Doc. 179-3).

When a moving party raises new material in a reply, the Court has the option of either disregarding the new material or allowing the nonmoving party to file a surreply. *See Doebele v. Sprint/United Management Co.*, 342 F.3d 1117, 1139 n. 13 (10th Cir. 2003). "Generally, the nonmoving party should be given an opportunity to respond to new material raised for the first time in the movant's reply." *Green v. New Mexico*, 420 F.3d 1189, 1196 (10th Cir. 2005). Because Plaintiffs present new material in their reply to the motion for class certification, the Court will grant the Motion to File Surreply.

Courts can also permit a movant to file a reply to a surreply. *See Clutts v. Dillard's, Inc.*, 484 F. Supp. 2d 1222, 1226 (D. Kan. 2007) (permitting defendant to reply to plaintiff's surreply because defendant bears burden of proof); *Onyx Waste Servs., Inc. v. Mogan*, 203 F. Supp. 2d 777, 778 n.1 (E.D. Mich. 2002) (granting movant's request to file reply to surreply); *Springs Indus., Inc. v. Am. Motorists Ins. Co.*, 137 F.R.D. 238, 239 (N.D. Tex. 1991) ("In our jurisprudence the party who must persuade the court of the merits of the relief it seeks is almost always given the final word."). The Court finds that granting Plaintiffs' request to file a reply to the surreply is appropriate in this case.

IT IS ORDERED that

1. the Motion of Defendant Travelers Home and Marine Insurance Co. for Leave to File Surreply Brief with Regard to Plaintiffs' Motion for Class Certification (Doc. 180) is granted;

2. Defendant's surreply must not exceed six pages and is limited to addressing the "New Mexico Court Rulings on UM/UIM Coverage Adversely Affect the Automobile Insurance Environment;"

3.  Defendant must file its surreply no later than December 31, 2015;

4.  Plaintiffs are permitted to file a reply to the surreply which must not exceed six pages and is also limited to discussing the "New Mexico Court Rulings on UM/UIM Coverage Adversely Affect the Automobile Insurance Environment;" and

5.  Plaintiffs must file their reply to the surreply no later than January 14, 2016.

_____
UNITED STATES DISTRICT JUDGE